UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DEPARTMENT OF JUSTICE, )<br>)<br>Defendant. )<br>_____ ) | Civil No. 1:15-cv-00200 (CKK) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated January 27, 2016, Plaintiff Electronic Frontier Foundation ("EFF") and Defendant Department of Justice hereby submit this Joint Status Report: Defendant represents that it has completed processing all records, and the parties have agreed to narrow the issues in the case. However, the parties are unable to agree upon a joint statement concerning a schedule for filing of dispositive motions, and therefore present the following separate statements.

### Plaintiff's Statement

It is almost a year to the day since Plaintiff filed the complaint in this case and almost a year and a half since Plaintiff filed its FOIA requests. These requests sought records related to secret cell phone surveillance technologies used to monitor thousands of Americans' phones at one time, technologies that raise significant issues concerning potential government intrusions into personal affairs. Despite the potential broad sweep of Defendant's use of this technology—the original article disclosing the technology noted that aircraft flown by the U.S. Marshals Service (USMS) have a "flying range

1

covering most of the U.S. population,"[1] — almost no other information is available to the public on what data is collected and how it is used. For this reason, Plaintiff sought expedited processing when it filed its requests.

The FOIA sets a specific time schedule for agencies to respond to requests to ensure that FOIA requesters do not wait for years to obtain records. 18 USC § 552(a)(6)(A). In cases such as this one where there is an "urgency to inform the public about an actual or alleged federal government activity," and the request is "made by a person primarily engaged in disseminating information," FOIA requires the agency to process the request "as soon as practicable." 18 USC § 552(a)(6)(E).

Despite FOIA's requirements, Defendant and its component agencies have consistently dragged their heels in responding to Plaintiff's requests. Defendant initially took more than three months to propose a schedule for production of non-exempt records. Dkt. Nos. 7, 8. In addition, the USMS and FBI both initially asserted a *Glomar* response to Plaintiff's requests, which USMS dropped in full and FBI in part. Dkt. Nos. 8, 9. The parties then agreed on a schedule calling for rolling production of records to end on December 15, 2015. Dkt. No. 9. However, Defendant was unable to meet this deadline and required six additional weeks to complete processing of a small number of documents referred by the DOJ Criminal Division to other government components. Dkt. Nos. 12, 13. Once this processing was complete, on January 26, 2016, Plaintiff proposed that the parties resolve remaining issues on cross-motions for summary judgment, with Defendant's opening motion to be filed over six weeks later, on March 11, 2016. On

---

[1] Devlin Barrett, "Americans' Cellphones Targeted in Secret U.S. Spy Program," *Wall St. J.* (Nov. 13, 2014), http://online.wsj.com/articles/americans-cellphones-targeted-in-secret-u-s-spy- program-1415917533.

February 1, 2016, Defendant responded by stating it could not prepare a summary judgment motion until May 2, 2016 at the earliest. In light of the already extensive delays in this case, including Defendant's inability to meet the production schedule agreed to by the parties, and the fact that these requests sought records related to secret government surveillance about which there is an urgency to inform the public, Defendant's proposed briefing schedule would constitute an unreasonable delay. Plaintiff therefore respectfully requests that the Court establish the schedule it proposes, as follows:

| | |
|---|---|
| Defendant's motion for summary judgment: | March 11, 2016 |
| Plaintiff's cross-motion for summary judgment/opposition to Defendant's motion: | April 8, 2016 |
| Defendant's opposition/reply: | May 6, 2016 |
| Plaintiff's reply: | May 20, 2016 |

**Defendant's Statement**

Defendant proposes that its motion for summary judgment will be due on May 2, 2016; that EFF's opposition, together with any cross-motion will be due May 31; that Defendant's reply and opposition to any cross-motion will be due June 28, and EFF's reply in support of any cross-motion will be due on July 13, 2016.  The dispute regarding the briefing schedule centers on the date for Defendant's opening brief.  Defendant's proposed schedule retains the amount of time suggested by EFF for the subsequent briefs.

Defendant requests that Defendant's opening brief not be due before May 2, 2016, in order to allow Defendant sufficient time to draft the brief and supporting detailed declarations to aid the court in its consideration of this matter.  Defendant's proposed May 2nd deadline is reasonable in view of the number of DOJ components with equities in the withheld documents, the volume of documents withheld, the number and nature of

the issues presented, and the other litigation deadlines that DOJ counsel and the components have in other cases.

First, this case involves records withheld by five different DOJ components. EFF submitted FOIA requests to three separate DOJ components -- the Federal Bureau of Investigation (FBI), the Criminal Division and the United States Marshall Service (USMS). Each component conducted its own search for responsive records based on its own record system and then separately processed the records. As a result of its search, the Criminal Division referred documents to two other DOJ components – the Office of Information Policy (OIP) and the Drug Enforcement Administration (DEA), each of which withheld a referred record in full or in part. This case thus involves searches by three different DOJ components and documents processed by five different components. Therefore, in order to prepare Defendant's motion for summary judgment, Defendant's counsel will need to coordinate and consult with five different DOJ components and address the particular issues raised by EFF with respect to each component's response. The fact that EFF has presented challenges that are unique to each component's response supports Defendant's proposed schedule.

Second, the proposed May 2nd deadline takes into consideration the amount of time required for each component to prepare its supporting declaration given the amount of pages involved and the nature of the challenges raised by EFF. The FBI, whose response involves justifying the greatest number of pages withheld and a variety of different issues, requires the greatest amount of time. The FBI withheld approximately 1440 pages in whole or in part under a variety of different exemptions. Plaintiff is contesting the redactions made under Exemptions 1, 3, 4, 5, 7(A), 7(D), and 7(E) as well

as segregability. In addition to the issues regarding the segregability and exemptions, EFF is also raising two other issues with regard to the FBI's response: (1) whether the FBI properly denied one of the categories of records sought by the request ("the case name or document number of all criminal cases, federal or state, open or closed, in which data collected from [a cell site simulator operated from an airplane] aided in arrest") on the grounds that it failed to meet the "reasonably described" requirement for a FOIA request and (2) whether the FBI properly asserted a *Glomar* response to certain categories of information sought.

Even if other components were able to prepare their supporting declarations before May 2, 2016, the FBI estimates that it will need until May 2, 2016 based on the volume of pages involved and variety of challenges raised by EFF to FBI's response. The FBI has deadlines in other FOIA cases and does not have the resources to have one employee to work on the declaration on a full time basis. The FBI receives a significant high number of FOIA requests, which has significantly increased in the past few years. The FBI reports that in FY 2015, it received a total of 21,290 FOIA and Privacy Act requests. In addition to the demand posed by the significant volume of requests, it also has other pending FOIA litigation in which, as here, require it to prepare *Vaughn* indices.

The Criminal Division and USMS also need sufficient time to prepare its declaration. The Criminal Division attorney who is assigned to this case has substantial commitments in other complex cases, including *100Reporters v. DOJ, et al.*, 14-cv-1264-RC (D.D.C.), in which DOJ's motion for summary judgment is due to be filed on March 1, 2016. In response to issues raised by EFF regarding the adequacy of the USMS'

search, USMS is conducting a supplemental search for responsive documents.  It needs additional time to complete the search and review any responsive documents located.

Third, in addition to the time required by the FBI and other components to prepare supporting declarations, the proposed briefing schedule also takes into consideration the work load of the DOJ counsel assigned to this case.  She was reassigned the case in late November, when the initial DOJ attorney assigned to the case left the office to become an Assistant United States Attorney.  Due to deadlines undersigned counsel had in other cases, she has had only a limited time to become familiar with the details of each component's responses and document production and needs until May 2nd to work with the components on their declarations and prepare the summary judgment brief.  She currently is working on two other active FOIA cases.  She has an oral argument on one of those cases on February 17, 2016, and a reply and an opposition to plaintiff's cross motion for summary judgment in another FOIA case on March 9.  She also has briefs and other filings deadlines in three other personally handled cases and several monitored cases in February through mid-April.  In addition, she has a previously planned vacation overseas scheduled in late February.

Fourth, EFF has offered no justification for its demand that briefing should begin on March 11th instead of May 2nd.  This is not a case in which Defendant's proposed schedule would significantly extend the overall briefing schedule.  As explained above, the dispute centers only on the date of Defendant's opening brief.  Defendant is not suggesting extending the time periods between the subsequent briefs.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

VINCENT H. COHEN JR.
Acting United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director

s/ Marcia K. Sowles
MARCIA K. SOWLES
DC Bar No. 369455
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7114
Washington, D.C.  20530
Tel.: (202) 514- 4960
Fax: (202) 616- 8470
E-mail:  marcia.sowles@usdoj.gov

*Counsel for Defendant*

/s/ David L. Sobel
DAVID L. SOBEL
DC Bar No. 360418
Electronic Frontier Foundation
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, DC 20015
(202) 246-6180
Email: sobel@eff.org

JENNIFER LYNCH
(admitted in California)
ANDREW CROCKER
(admitted in California)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333

*Counsel for Plaintiff*

7